THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>      v.<br>BLAKE JULIAN JOHNSON,<br>      Defendant. | Case No. 3:19-cr-154<br><br>Judge Walter H. Rice |

ORDER OVERRULING MOTION FOR COMPASSIONATE RELEASE OF DEFENDANT BLAKE JULIAN JOHNSON (DOC. #35) AS MOOT GIVEN DEFENDANT IS NO LONGER INCARCERATED

Before the Court is the Motion for Compassionate Release of Defendant Blake Julian Johnson. (Doc. #35). On February 24, 2020, Defendant was sentenced to sixty months imprisonment after pleading guilty to one count from the Information. (Judgment, Doc. #27, citing Information, Doc. #17). On July 21, 2021, Defendant filed the Motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194. While the Motion was pending, Defendant was released on November 21, 2023.[1] A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984) (citation omitted). A motion for compassionate release

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jun. 26, 2024).

seeks relief not from the judgment *in toto*, but from the confinement imposed as part of the judgment. "When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide[,]" *United States v. Sanchez*, No. 16-cr-2077, 2021 WL 5999764, *1 (S.D. Cal. Dec. 17, 2021) (collecting cases), and there is no longer a "live" and redressable issue pending before the Court. *See, e.g., United States v. Hernandez*, 845 F. App'x 921, 921 (11th Cir. 2021) (*per curiam*) ("Completion of a prison term moots a challenge to the term of confinement.").

As (Defendant) has completed his term of confinement, his Motion no longer presents a live case or controversy, and the Court is without jurisdiction to hear it. U.S. Const. art. III § 2. Accordingly, the Motion is OVERRULED AS MOOT.[2]

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

June 27, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Also, the Court, having considered the factors for granting compassionate release set forth in *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021), concludes that Defendant would not have been eligible for release while he was incarcerated. Given that: Defendant had previously notified the Court that he would not file a motion (Notice, Doc. #34), the dangerous nature of the offense for which Defendant was convicted—trafficking heroin, and that he had served less than forty percent of his sentence at the time the Motion was filed (Memo. in Opp., Doc. #36, PAGEID 116), Defendant would not have satisfied the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

2